IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AFFORDABLE HOME HEALTH CARE, LLC, *et al.* | : | Case No. 1:24-cv-0021 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : | |
| | : | |
| v. | : | **AGREED ORDER AND** |
| | : | **PERMANENT INJUNCTION** |
| EVOLUTION HOME HEALTH, LLC, *et al.* | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court in connection with the First Amended Complaint

(Doc. #29) and motion of Plaintiffs Affordable Home Health Care, LLC d/b/a Summit

Orthopedic Home Care and Summit Home Healthcare, LLC (collectively "**Summit**") for

injunctive relief under Federal Rule of Civil Procedure 65 (Doc. #51). Summit and

Defendants Evolution Home Health, LLC and Fairfield Home Health Agency, Inc.

(collectively "**Evolution**"), Jack Becker, Jamie Sanders, Dennis Swearingen, Robert

Becker, Rebecca Adams, Amanda Steele, and Cheryl Becker (collectively, "the **Non-**

**Clinician Defendants**" or individually, "an individual Non- Clinician Defendant" or

"that individual Non-Clinician Defendant"), Joseph Kessinger, Cynthia Stratton, Scott

Dean, Jenna Well, Emily Welch, Candice Smith, and Wendy Franciose (collectively, the

"**Clinician Defendants**" or individually, "an individual Clinician Defendant" or "that

individual Clinician Defendant") (Evolution, the Non-Clinician Defendants, and the Clinician Defendants, are, collectively, the "**Defendants**") have agreed to the terms of this Order, and the Court concurs.

Therefore, it is **ORDERED**, **ADJUDGED** and **DECREED** that a permanent injunction is hereby entered against Defendants as follows:

1. **Non-Solicitation**

   a. **Non-Clinician Defendants.** With respect to Summit's customers[1], referral sources (including, but not limited to, referring physicians and assisted and senior living facilities), suppliers, licensees, licensors, or franchisees with whom an individual Non-Clinician Defendant worked, visited, had contact with, or served in the 12-month period preceding his or her separation from Summit, and those about which an individual Non-Clinician Defendant has knowledge of Summit's confidential information[2] that was available to the Non-Clinician Defendants in the 12-month period preceding his or her separation from Summit, that individual Non-Clinician Defendant will not, directly or indirectly, solicit or contact them, or aid Evolution in soliciting or contacting them, to perform or provide services competitive with those that Summit offers until the expiration of the restricted periods in their respective agreements with Summit ("**Agreements**") or September 30, 2024, whichever is later ("**Non-Clinician Restricted Period**"). During the Non-Clinician

---

[1] Each reference to "customers" in this Agreed Order means, without limitation, Summit's patients.

[2] "Confidential information," for paragraph 1, means non-public information with competitive value maintained by Summit on its customers, patients, referral sources, patient flow, call volume, and compiled contact information.

Restricted Period, the Non-Clinician Defendants will not, directly or indirectly, solicit or knowingly take efforts to influence any employee of Summit to terminate their relationship with Summit to join an individual or entity that provides services competitive with those that Summit offers.[3]

  **b.** **Clinician Defendants.** With respect to Summit's customers, referral sources (including, but not limited to, referring physicians and assisted and senior living facilities), suppliers, licensees, licensors, or franchisees with whom an individual Clinician Defendant worked, contacted, or served in the 12-month period preceding his or her separation from Summit, that individual Clinician Defendant will not, directly or indirectly, solicit or contact them, or aid Evolution in soliciting or contacting them, to perform or provide services competitive with those that Summit offers until the expiration of the restricted periods in their Agreements plus an additional three months ("**Clinician Restricted Period**"). During the Clinician Restricted Period, the Clinician Defendants will not, directly or indirectly, solicit or knowingly take efforts to influence any employee of Summit to terminate their relationship with Summit to join an individual or entity that provides services competitive with those that Summit offers.

**2.** **Non-Interference (Evolution).** Until March 30, 2025, Evolution will not unlawfully interfere, or knowingly cause the unlawful interference, with the agreements or

---

[3] Each reference to "any employee of Summit" in this Agreed Order means any current employee of Summit and those whose employment with Summit terminated after the execution of the settlement agreement between Summit and the Defendants.

relationships between Summit and its employees.[4] The expiration of this term in no way waives or limits any claim Summit may have against Evolution, including for tortious interference with any contract, expectancy, or business relationship that accrues on or after March 30, 2025.

3.      **Summit's Information**. Defendants will conduct a reasonable and proportionate search of all records in their possession for documents (including electronically stored information) containing Summit's information, including, but not limited to, Summit's patient identification information and the senior/assisted living facilities/communities that Summit serves and has served. Within 30 days of entrance of this Agreed Order, Defendants will each return, without retaining any duplicates, copies, or notes regarding, any documents containing Summit's information. Within 30 days of entrance of this Agreed Order, Defendants will each provide a certification to Summit that all documents with Summit's information have been returned and that no duplicates, copies, or notes regarding them have been retained in any form (electronic or otherwise).

It is further **ORDERED** that, in addition to this Agreed Order, United States District Court Judge Matthew W. McFarland will retain jurisdiction over any matter related to this case, including the settlement between the parties. No bond is required.

**IT IS SO ORDERED.**

---

[4] "Employees," for this paragraph 2, means all employees of Summit at the time the Agreed Order was presented to the Court and those whose employment with Summit ended or ends between May 30, 2023 and March 30, 2025, as well as the Clinician Defendants, Non-Clinician Defendants, and any other former Summit employees now employed by Evolution who have not been named as defendants in the Lawsuit.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND